```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Case No: 2:15-cv-90-FtM-29CM

MARVIN DALE PALMER,

       Defendant.

_____

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment Against Marvin Dale Palmer (Doc. #14) filed on February 19, 2016. No response has been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.

On February 11, 2015, the United States filed a Complaint (Doc. #1) against Marvin Dale Palmer (Palmer) to collect outstanding civil penalties assessed against Palmer for failure to timely report his financial interest in a foreign bank account with the authorization of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury of the United States. Defendant was personally served with process, but Palmer failed to enter an appearance. The United States sought and obtained a Clerk's Default, and the Entry of Default (Doc. #13) issued on December 22, 2015. (Docs. ## 10-12.) Therefore, the United

States has met the necessary prerequisite for a default judgment against Palmer.  Fed. R. Civ. P. 55(a).

A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

Deeming the well pled facts in the Complaint (Doc. #1) as admitted:  From 2003 through 2008, Palmer had a financial interest in and signatory authority over two accounts in Switzerland held in the name of trusts.  From 2006 to 2008, the balances of both accounts were greater than $10,000, and therefore Palmer was required to disclose his financial interest in the two accounts for each of these years.  Palmer was required to file a Report of Foreign Bank and Financial Accounts (FBAR) pursuant to Title 31 of the Code of Federal Regulations Section 1010.306(c) to report his interest in the accounts on or before June 30 of each these years.  Palmer did not do so, and in fact did not report income for either account for 2003 through 2008.

In 2009, Palmer requested admission into the Internal Revenue Service's Offshore Voluntary Disclosure Initiative, which allows the IRS to obtain amended income tax returns for the past unreported years. Palmer failed to provide bank records or tax returns and was removed from the program in May 2012 for his failure to cooperate with the Revenue Agent. On or about December 16, 2012, Palmer filed a delinquent FBAR for the two accounts for years 2003 through 2008.

A person who fails to report a financial interest in foreign accounts pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350 is liable to the government for a civil penalty not exceeding $10,000. 31 U.S.C. § 5321(a)(5)(B). The Unites States seeks civil statutory penalties not exceeding $10,000 per violation, plus interest for a total of $69,616.94 as of February 18, 2016, and accruing until paid. In support of the request for a default judgment, the United States has filed two Declarations, one by the Revenue Agent who was assigned to assess delinquent taxes and penalties, and one by counsel verifying that Palmer is not currently on active duty status. Revenue Agent Kevin Gould declares that Palmer is not a minor or incompetent; that Palmer was assessed penalties on February 12, 2013, in the amount of $10,000 per year, for a total of $60,000; that despite proper notice and demand, Palmer failed to pay the penalties; and that

the total as of February 18, 2016, is $69,616.94, including interest. (Doc. #14-1.)

The attached Status Report Pursuant to Servicemembers Civil Relief Act (Doc. #14-2, Exh. 1) reflects no active duty in the military. The Court finds that the Complaint is sufficiently pled to support a default judgment, and that the default judgment is for a sum certain.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment Against Marvin Dale Palmer (Doc. #14) is **GRANTED.**

2. The Clerk shall enter a default judgment in favor of the United States against Marvin Dale Palmer assessing civil penalties in the amount of $69,616.94, as of February 18, 2016, plus interest accruing at the applicable federal statutory rate of interest until paid.

3. The Clerk is further directed to terminate all deadlines and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record